

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-08-253-CR

CHRISTOPHER SCHROEDER                                       APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Christopher Schroeder pleaded guilty to two offenses, assault and aggravated assault, and was sentenced by the jury to concurrent nine-year sentences and a $1,000 fine for each of the two counts. In two points,

---

[1] *See* Tex. R. App. P. 47.4.

Schroeder asserts that he received ineffective assistance of counsel.  We affirm.

## II.  Factual and Procedural History

On November 29, 2007, Schroeder was indicted in Denton County on two felony counts, second degree assault and first degree aggravated assault, against his wife, Brandy Schroeder.  On June 23, 2008, Schroeder pleaded guilty to both felony counts, filed an application for probation, and requested a jury to assess punishment.  During the punishment phase, the jury heard details of the two charged offenses from the arresting officer, the back-up officer, Brandy, and Schroeder.  It also heard about several prior convictions, as well as several unadjudicated assaultive crimes and bad acts against Brandy that were not reported to the police.

Under the appropriate sections of the penal code, the jury was allowed to sentence Schroeder to ten years for the assault conviction and twenty years for the aggravated assault conviction.  *See* Tex. Penal Code Ann. §§ 12.33–.34 (Vernon 2003), §§ 22.01, 22.02 (Vernon Supp. 2008).  The jury set punishment at nine years for each count and assessed a $2,000 fine.

Following sentencing and an unheard amended motion for new trial, Schroeder filed his notice of this appeal.

### III. Ineffective Assistance of Counsel

In two points, Schroeder argues that he was denied effective assistance of counsel because his trial counsel (1) failed to properly object to evidence of past convictions in accordance with article 37.07(3)(i) of the Texas Code of Criminal Procedure and (2) failed to properly object to highly prejudicial evidence of Schroeder's extraneous misconduct in accordance with rule 403 of the Texas Rules of Evidence.

### A. Standard of Review

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance

was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas*, 163 S.W.3d at 740; *Mallett*, 65 S.W.3d at 63. A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Thompson*, 9 S.W.3d at 813–14. "In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel's actions." *Salinas*, 163 S.W.3d at 740 (quoting *Mallett*, 65 S.W.3d at 63). To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quoting *Thompson*, 9 S.W.3d at 813). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other

4

words, an appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*, 104 S. Ct. at 2068. The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

## B. The First Prong of *Strickland*

We first note that if counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal. *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). Although counsel's reasons for his actions or intentions with regard to the complained-of stipulations and unadjudicated bad acts do not appear in the record, it is apparent from the record that at least one of counsel's trial strategies was to get Schroeder probation by showing that Schroeder had accepted responsibility for and was sorry for his past misconduct.[2] Therefore, on the record presented here, we

---

[2] In response to his counsel's question about whether he wanted to tell his version of what happened the night of the assault and aggravated assault

5

cannot say that Schroeder received ineffective assistance. *See Salinas*, 163 S.W.3d at 740; *Thompson*, 9 S.W.3d at 813.

## C. The Second Prong of *Strickland*

### 1. Article 37.07(3)(i) of the Texas Code of Criminal Procedure

In his first point, Schroeder complains that his trial counsel stipulated to the admission of State's Exhibits 15, 16, and 17, which were evidence of two convictions for driving while license suspended and one conviction for evading arrest, that he asserts are inadmissible under article 37.07(3)(i) of the code of criminal procedure because they were time-barred.[3]

The State initially argues that, although not apparent on its face, this article only applies to juvenile convictions when considered in light of its legislative history. We need not address this argument to dispose of this issue. During cross-examination, Schroeder admitted that State's Exhibits 15 and 16 were his convictions and sentences for driving while his license was suspended and that State's Exhibit 17 was his conviction and sentence for evading arrest.

---

charged here, Schroeder replied, "I would rather just accept responsibility for the charges at hand. I know that I did wrong, and I know I've done a lot of wrong things."

[3] Section 3(i) states that "[e]vidence of an adjudication for conduct that is a violation of a penal law of the grade of misdemeanor punishable by confinement in jail is admissible only if the conduct upon which the adjudication is based occurred on or after January 1, 1996." *See* Tex. Code Crim. Proc. Ann. art. 37.07(3)(i) (Vernon Supp. 2008).

He also admitted to an assault charge against him as to Cheryl Bradshaw (his stepmother), Exhibit 18; a conviction for disorderly conduct, Exhibit 19; a conviction for evading arrest, Exhibit 20; a charge of driving while license suspended, Exhibit 21; guilt for possession of marijuana, Exhibit 22; guilt for family violence, Exhibit 23[4] (Schroeder pushed Brandy down and kicked her in the neck with his steel-toe boots); probation completion for two driving while license suspended offenses, Exhibits 24 and 25; and a conviction for family violence, Exhibit 26 (Schroeder punched, choked, and pushed Brandy so hard that she had to go to the hospital). Therefore, Schroeder admitted to his conduct contained in Exhibits 15, 16, and 17 about which he now complains and to a series of other guilty pleas, convictions, and sentences.

Schroeder's complaint centers on two convictions for driving with a suspended license and a conviction for evading arrest. The same type of charges were contained in exhibits that are not the subject of this appeal, as were more serious charges, such as assault and family violence. Therefore, we cannot say that there is a reasonable probability that but for these exhibits, even if it was professional error to stipulate to their admission, which we do not decide, a different outcome would have resulted. We hold that the second

---

[4] Schroeder testified that he pleaded guilty but that he really was not.

prong of *Strickland* is not met, that is, if the stipulation to the admission of the Exhibits was error, it was not so serious as to deprive the defendant of a fair trial.

## 2. Rule 403 of the Texas Rules of Evidence

In his second point, Schroeder asserts that his counsel was ineffective for not objecting to four specific unadjudicated bad acts from 1998 under rule 403 of the Texas Rules of Evidence.[5] Those acts were that Schroeder (a) would "get physical" with his fists with Brandy on a weekly basis while she was pregnant; (b) would drag Brandy on the ground while she was eight months pregnant; (c) locked Brandy out of their house keeping her away from her newborn as a result of a fight; and (d) choked Brandy so hard while she held their newborn baby that she passed out and dropped the baby to the floor.

We would first note that the four incidents above are only a portion of the unadjudicated bad acts testified to at trial. Others included Schroeder choking Brandy while she was on the floor and tearing the skin on her hand while she tried to defend herself; punching and hitting Brandy in the head and slapping her down to the floor to the extent she went to the hospital with three broken ribs;

---

[5] "Although relevant, evidence may be excluded if its probative value is *substantially outweighed* by the danger of *unfair prejudice*, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Tex. R. Evid. 403 (emphasis supplied).

trying to push her and her car into the house with his Surburban to keep her from leaving; punching Brandy in the head "alot" because he liked to; pushing Brandy into the wall hard enough to dent the wall; waving a "big knife" around and cutting the purse straps off Brandy's arm with her daughter standing "right there"; hitting Brandy with a "big heavy drill," which caused the drill bit to go into her arm and caused profuse bleeding and a scar; and being mean to Brandy's children.

As in our analysis above, we will concentrate on the second prong of *Strickland*, that is, the "focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged." *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2070. Schroeder pleaded guilty to assault and aggravated assault. Several exhibits were introduced concerning previous charges and convictions. Numerous other unadjudicated bad acts were introduced into evidence through testimony. Under these circumstances, we hold once again that even if the failure to object to these four unadjudicated bad acts was error, which we do not decide, the error was not so serious as to deprive the defendant of a fair trial. Schroeder's second point is overruled.

## IV. Conclusion

Having held that both prongs of the *Strickland* test are not met by either of Schroeder's two points, we overrule his points and affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 16, 2009